# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 2885 | **DATE** | November 22, 2011 |
| **CASE TITLE** | *OCE North America v. Aromerica,* et al. | | |

**DOCKET ENTRY TEXT**

The defendants' motion for relief from default judgment [13-1] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

Before the court is the defendants' motion under Federal Rule of Civil Procedure 60(b)(1) seeking relief from a default judgment entered on September 9, 2010. For the reasons that follow, the motion is denied.

### BACKGROUND

In its complaint, plaintiff OCE North America, Inc. alleges that defendants Aromerica, Inc. and International Networks, Inc. breached the parties' leases and agreements by failing to pay invoices. On August 12, 2010, the court entered an order of default after the defendants failed to answer or otherwise plead within 21 days of service of summons on their registered agent in Nevada. OCE then filed an affidavit substantiating its damages and, according to its Certificate of Service, sent copies by Federal Express to the defendants' registered agent. Following an in-court hearing, on September 9, 2010, the court entered judgment against the defendants in the amount of $1,234,475.18.

On February 24, 2011, OCE registered its judgment against the defendants in the U.S. District Court in the Central District of California, where the defendants are located. On March 30, 2011, the defendants were served at their offices in California with a Federal Rule of Civil Procedure 69(a)(2) request for the production of documents in aid of enforcement of a money judgment.

On August 23, 2011, the defendants filed a motion with this court under Federal Rule of Civil Procedure 60(b)(1) seeking relief from the default judgment due to ""mistake, inadvertence, surprise, or excusable neglect." In the motion, they contend that they are entitled to relief from the default judgment because their registered agent never forwarded the complaint and summons, and therefore they were unaware of the lawsuit until they received the Rule 69 discovery requests on March 20, 2011.

To obtain relief from a default judgment under Federal Rule of Civil Procedure 60(b)(1), the defendants must demonstrate (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). Whether or not to vacate a default judgment is left to the sound discretion of the district court. *Id.*

| STATEMENT |
|---|

The defendants have failed to satisfy two of the required three elements. First, they have failed to establish good cause for their default. Whether a registered agent's failure to forward service of process constitutes good cause turns on whether a defendant is seeking to set aside an order of default under Federal Rule of Civil Procedure 55(c), or a default judgment under Rule 60(b). Under Rule 55(c), a registered agent's failure to properly forward service of process to the defendant can constitute good cause for a default. *See Cracco v. Vitran Exp, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). However, the test for good cause "is more liberally applied in the Rule 55(c) context," than it is in the Rule 60(b) context. *Id.* (internal quotation marks and citation omitted). In contrast to the liberal view of good cause under Rule 55(c), under the more stringent application required when evaluating a motion under Rule 60(b)(1), a registered agent's failure to forward service of process to a defendant is not good cause for setting aside a default judgment. *See Dana Commercial Credit Corp. v. Genesis Communications, Inc.*, No. 95 CV 5243, 1996 WL 501740, at *1 (N.D. Ill. Sept. 3, 1996). Thus, under Rule 60(b)(1), the conduct of the defendants' registered agent does not establish good cause for the defendants' default.

Second, the defendants have failed to establish that they took quick action to correct their default. According to the defendants, they received actual notice of the default judgment against them on March 30, 2011. Yet they waited nearly five months until August 23, 2011, to first move to set aside the default judgment. The Seventh Circuit has upheld the denial of a motion to vacate a default judgment where an inmate waited five weeks to seek relief from the judgment. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Even three weeks has been found to be inadequate. *See Sullivan v. General Plumbing, Inc.*, No. 06 CV 2464, 2007 WL 1030236, *4 (N.D. Ill. Mar. 31, 2007).

Nevertheless, the defendants contend that their five month delay constitutes quick action because they spent those months investigating the merits of its defense, which involved combing through ten years of records. However, the defendants have not explained why they needed to comb through all ten years of records before they could determine whether they had a meritorious defense. In fact it appears that they were aware of their defense theory as early as 2004 or 2005, when they contend that a representative of the plaintiff purportedly admitted overcharging the defendants. *See* Affidavit of Zak Dafaallah Submitted in Support of Defendants' Rule 60(b)(1) Motion [21-1] ¶ 11. Finally, the court has reviewed the sample records provided by the defendants, such as receipts and invoices. While it appreciates that reviewing documents takes time, the receipts and invoices provided do not involve transactions that appear to have been so complicated that it would take five months to understand.

The defendants have established neither good cause for their default or quick action to seek to set aside the default judgment. Accordingly, in an exercise of its discretion, the court denies the defendants' motion for relief from the default judgment.

rs/cpb